UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| THOMAS P. REAL, | )<br>) |
| Plaintiff, | ) Case No. 11 C 4205<br>) |
| v. | ) Magistrate Judge Sidney I. Schenkier<br>) |
| CAROLYN W. COLVIN,<br>Acting Commissioner of Social Security,[1] | )<br>)<br>) |
| Defendant. | ) |

## MEMORANDUM OPINION AND ORDER[2]

Plaintiff, Thomas P. Real, filed this action pursuant to the Social Security Act, 42 U.S.C. § 405(g), seeking judicial review of the final decision of the Commissioner of the Social Security Administration ("Commissioner") denying his application for Disability Insurance Benefits ("DIB"). On December 18, 2012, this Court reversed and remanded the decision of the Administrative Law Judge ("ALJ"). *Real v. Astrue*, 11 C 4205, 2012 WL 6642390 (N.D. Ill. Dec. 18, 2012). Mr. Real subsequently filed a motion seeking payment of his attorney's fees and costs pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412 (doc. # 30: Pl.'s Mot. for EAJA Fees). Plaintiff seeks a total award of $10,312.65 in attorney's fees (doc. # 38: Pl.'s Reply at 4) and $14.40 in costs (Pl.'s Mot. at 5; Pl.'s Reply at 4). For the reasons set forth below, this Court grants Mr. Real's motion in full.

---

[1] Pursuant to Federal Rule of Civil Procedure 25(d), we have substituted Acting Commissioner of Social Security, Carolyn W. Colvin, for Michael J. Astrue as the named defendant.

[2] On August 23, 2011, by consent of the parties and pursuant to 28 U.S.C. § 636(c) and Local Rule 73.1, this case was assigned to this Court for all proceedings, including entry of final judgment (docs. ## 12, 14).

## I.

EAJA "directs a court to award fees to a prevailing party in a suit against the United States unless the government's position was substantially justified or special circumstances make the award unjust." *Stewart v. Astrue*, 561 F.3d 679, 682 (7th Cir. 2009) (citing 28 U.S.C. § 2412(d)(1)(A)). When a court reverses and remands an ALJ's decision denying benefits, the claimant is the prevailing party. *Shalala v. Schaefer*, 509 U.S. 292, 300-01 (1993). The government bears the burden of proof that both the ALJ's decision and the Commissioner's defense of it were substantially justified. *Stewart*, 561 F.3d at 683. The government does not dispute that Mr. Real is the prevailing party, nor does it claim that special circumstances would make an award unjust here. Rather, the Commissioner asks that this Court deny an award of EAJA fees to Mr. Real because the government's position was substantially justified.

A position taken by the Commissioner is substantially justified if "a reasonable person could conclude that the ALJ's opinion and the Commissioner's defense of the opinion had a rational basis in fact and law." *Bassett v. Astrue*, 641 F.3d 857, 859 (7th Cir. 2011) (citing *Marcus v. Shalala*, 17 F.3d 1033, 1036 (7th Cir. 1994)). "[I]t typically takes something more egregious than just a run-of-the-mill error in articulation to make the [C]ommissioner's position unjustified – something like the ALJ's ignoring or mischaracterizing a significant body of evidence, or the [C]ommissioner's defending the ALJ's opinion on a forbidden basis." *Bassett*, 641 F.3d at 860. The Commissioner may also lack substantial justification where the ALJ's decision contravenes clear and established judicial precedent or violates agency regulations. *See Stewart*, 561 F.3d at 684. In making the substantial justification determination, the Court must assess the government's overall conduct. *Id.* at 683.

## II.

In this case, the Court reversed and remanded the ALJ's decision because the ALJ impermissibly rated the severity of Mr. Real's mental functional limitations without the benefit of any medical professional's assessment of his mental Residual Functional Capacity ("RFC"). *Real*, 2012 WL 6642390, at *9-10. In addition, we found that the ALJ's opinion displayed a misunderstanding of mental illness, because the ALJ improperly "singled out isolated treatment notes to undermine Mr. Real's claims." *Id.* at *10.

The ALJ had concluded that Mr. Real is capable of performing the mental demands of light work, in essence, due to "the lack of evidence to the contrary." *Real*, 2012 WL 6642390, at *9 (citing R. 59). In the absence of any consultative or treating psychiatrist opinion as to Mr. Real's mental functional limitations, the ALJ concluded "that Mr. Real's mental limitations did not interfere with his ability to sustain a consistent pace, to interact normally with others, or to understand simple as well as detailed instructions." *Id.* We found that in so doing, the ALJ "play[ed] doctor" and "impermissibly reached her own independent medical conclusion about the severity of [Mr. Real's] mental impairment." *Id.* at *10.

The Commissioner argues that despite these failings in the ALJ's opinion, the government's defense of the opinion was substantially justified because the ALJ considered plaintiff's functioning according to the four categories in the Paragraph B criteria (doc. # 37: Gov.'s Resp. at 4). In addition, the Commissioner argues that the ALJ accommodated Mr. Real's functional limitations by restricting him to unskilled work with routine changes in his environment as long as they are not too frequent, and finding that Mr. Real had the ability to sustain a consistent pace, to interact normally with others, or to understand simple as well as detailed instructions (*Id.* at 5). These arguments are unpersuasive.

As this Court explained in detail in our earlier opinion, the ALJ's errors violated longstanding judicial precedent. It is well-established that an ALJ may not "play doctor" by making independent medical findings. *See, e.g., Myles v. Astrue*, 582 F.3d 672, 677 (7th Cir. 2009). As we explained, the reason for this rule is that "[c]ommon sense can mislead; lay intuitions about medical phenomena are often wrong." *Real*, 2012 WL 6642390, at *10 (quoting *Schmidt v. Sullivan*, 914 F.2d 117, 118 (7th Cir. 1990)). In the absence of expert medical analysis on the mental functional limitations at issue, the ALJ "ha[d] a duty to solicit additional information to flesh out an opinion for which the medical support is not readily discernible." *Richards v. Astrue*, 370 F. App'x 727, 731 (7th Cir. 2010).

Moreover, the ALJ's analysis displayed a serious misunderstanding of bipolar disorder. We pointed out that the ALJ "singled out isolated treatment notes" in minimizing plaintiff's claimed limitations. *Real*, 2012 WL 6642390, at *10. This was plainly erroneous, as the Seventh Circuit "has repeatedly exhorted ALJs not to rely upon a single 'snapshot' in time of a claimant's mental illness or isolated comments from treatment notes." *Id.* This violation of clear and established precedent not only required remand, but shows that the government's position was not substantially justified. *See Stewart*, 561 F.3d at 684.

### III.

The Commissioner does not dispute the amount of attorney's fees and costs sought by plaintiff's attorney, including the reasonableness of the time Mr. Real's attorneys spent or the hourly rates claimed. Nevertheless, in addition to submitting an itemized statement of time expended on this case and his hourly rates, plaintiff's counsel explains his calculation of the rates based on changes in cost of living based on the Consumer Price Index ("CPI"). In addition, plaintiff's counsel cited several cases agreeing that the requested fees fall within the range of

4

fees frequently awarded on EAJA motions (*see* Pl.'s Mot. at 5-7), and he attached affidavits by four other social security attorneys describing the comparable hourly rates that they charge to their social security clients (*Id.*, Exs. D, E, F, and G). We find that this explanation satisfies plaintiff's burden of showing that his attorney's fees are reasonable. *See Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983).

## IV.

Although the Commissioner did not challenge the fee amount sought by plaintiff, the Commissioner explains, in detail, that EAJA provides that a court is authorized to award fees and expenses to a prevailing party, not to that party's attorney (*see* Gov.'s Resp. at 6-8). We have recently addressed this exact issue. As we explained in *Lopez-Montiel v. Colvin*, No. 11 C 6497, 2013 WL 1788429, at *5 n.5 (N.D. Ill. Apr. 26, 2013), the Seventh Circuit has held that "if there is an assignment, the only ground for the district court's insisting on making the award to the plaintiff is that the plaintiff has debts that may be prior to what she owes her lawyer." *Id.* (citing *Mathews–Sheets v. Astrue*, 653 F.3d 560, 565-66 (7th Cir. 2011)); *see also Astrue v. Ratliff*, 130 S.Ct. 2521, 2528-29 (2010) (where the prevailing litigant has no qualifying debt, and a valid contract exists that assigns a prevailing litigant's award to their attorney, the government may directly pay an award of attorney's fees to the litigant's attorney).

As in *Lopez-Montiel* (whose claimant had retained the same attorney as Mr. Real), Mr. Real's retainer and fee agreement provides that he "agrees that these fees [under the EAJA] be [made] payable to [Mr. Real's counsel] directly" (Pl.'s Mot., Ex. B). Here, plaintiff agrees that the government nonetheless should have the right to "evaluate the propriety of directing payment to Plaintiff's attorney pursuant to his assignment" (Pl.'s Reply at 4). Accordingly, unless the

Commissioner determines that Mr. Real owes money to the United States, the $10,312.65 fee award shall be made payable to Mr. Real's counsel.

## CONCLUSION

For the foregoing reasons, this Court grants Mr. Real's motion (doc. # 30), and awards fees under EAJA in the amount of $10,312.65, plus $14.40 in costs, made payable to Mr. Real's counsel, less any debt Mr. Real owes to the government.

**ENTER:**

_____
**SIDNEY I. SCHENKIER**
**United States Magistrate Judge**

**Dated: June 11, 2013**